IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHAD JOHNSON,                               Civ. No. 1:18-cv-00758-AA

          Plaintiff,                          **OPINION & ORDER**

     v.

KATE BROWN; FARIBORZ
PAKSERESHT,

          Defendants.

---

AIKEN, District Judge.

     Plaintiff Chad Johnson seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court shall defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

## LEGAL STANDARD

     Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon

Page 1 –OPINION & ORDER

which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case is disjointed and unclear. It appears that Plaintiff Chad Johnson was the subject of an investigation by the Oregon Department of Human Services ("DHS") and that some sort of state court proceeding was initiated against him, both of which related to custody of his son. It appears that one or both cases were ultimately dropped, dismissed, or otherwise terminated. *See* Compl. 6 ("I was also told this was a Circuit court case but that case was dismissed..." and "My lawyer said . . . that the case [was] dismissed because my wife complied with all orders."). Johnson appears to be complaining generally about the fact that DHS has not provided him with explicit instructions concerning custody of his son, although Johnson also alleges that his "lawyer said I must take a psycho sexual in order for DHS to be out of my life[.]" Compl. 6.

The Complaint alleges violation of Johnson's Fourth, Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, as well as violations of Johnson's religious rights under 42 U.S.C. § 2000bb-1.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

### I. Insufficient Factual Allegations

The most serious problem with Johnson's Complaint is that it lacks sufficient facts for the Court to understand what has happened, other than in the most general terms. The Court is left

to guess and infer what Johnson means by many of his allegations. For example, the Complaint does not describe the circumstances which led to DHS becoming involved in Johnson's family, nor does it clearly state the current status of that investigation. It is not clear whether Johnson's complaints stem from ongoing state proceedings, either judicial or administrative, a fact which might have important implications for this Court's ability to exercise jurisdiction over his case.[1]

Johnson invokes his Fourth Amendment rights, but the section of the Complaint devoted to that issue does not clearly explain how Defendants transgressed those rights and instead complains more generally about the existence of DHS as a state agency. Johnson also invokes his Eighth Amendment rights, apparently for issues related to custody of his son, but it is not clear if Johnson has been convicted, charged with a crime, incarcerated, subjected to any sort of custodial detention.[2] Likewise, Johnson invokes his Fifth Amendment rights concerning the apparent requirement that he submit to a "psycho sexual," but he does not explain what he means by that allegation, nor does it appear that any incriminating statements have been used to initiate or maintain a criminal proceeding against him. *See Stoot v. City of Everett*, 582 F.3d 910, 924-27 (9th Cir. 2009) (finding that a Fifth Amendment claim had "ripened" when a coerced confession was used to initiate and maintain a criminal case against the plaintiff); *Farmer v. Youhas*, 525 F. App'x 547, 548 (9th Cir. 2013) (finding no Fifth Amendment claim when the plaintiff's incriminating statements were not used against him in a criminal proceeding); *Ferry v.*

---

[1] If the state cases are ongoing, the *Younger* abstention doctrine is implicated. *Younger v. Harris*, 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts must decline to interfere with a pending state court proceeding if the state court proceedings are (1) ongoing; (2) implicate important state interests; and (3) provide the plaintiff with an adequate opportunity to litigate federal claims. *San Remo Hotel v. City and Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). This extends to state administrative proceedings that are "judicial in nature." *Id.*

[2] "The Eighth Amendment prohibits cruel and unusual punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012). Although the protections of the Eighth Amendment are extended to pretrial detainees under the Fourteenth Amendment, *see, e.g., Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016), Johnson does not clearly allege that the DHS investigation or the custody issues related to his son are the result of a criminal proceeding. As noted, the Complaint is silent as to the stated reasons for the DHS investigation.

*Doohan*, Case No. 3:18-cv-00153-AC, 2018 WL 1173425, at *5 (D. Or. Mar. 6, 2018) ("[I]n the absence of criminal prosecution, Plaintiff cannot obtain damages under § 1983 for the alleged violation of his Fifth Amendment self-incrimination rights because no criminal charges have been pursued against him.").

Without sufficient factual allegations, the Court's ability to assess the legal validity of Johnson's claims is limited. While this deficiency justifies dismissal, the Court concludes that it might be remedied by amendment.

## II. Jurisdictional Issues

At its core, Johnson's Complaint concerns the custody of his son. The alleged violations of his constitutional rights are all related to that issue. Similarly, Johnson's statutory claim concerning the infringement of his religious rights does not concern any impairment to his own right to practice his religion, but instead complains that he is unable to take his son to church because he does not have custody of the child.

District courts are courts of limited jurisdiction and "may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation marks and citation omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Id.* "[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted). "There is no subject matter jurisdiction over . . . domestic disputes" where a "federal court is asked to grant a divorce or annulment, determine support payments, or award custody of children." *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (citation omitted).

In *Marcus v. Oregon*, No. 3:12-CV-01750-HZ, 2012 WL 6618242 (D. Or. Dec. 12, 2012), Judge Hernandez confronted a similar issue. The court observed that, although the case raised constitutional issues, it was "at its core a child custody dispute and the claims . . . clearly arise out of Plaintiff's child-custody proceedings in Washington County Circuit Court," and that the federal court therefore lacked subject matter jurisdiction. *Id.* at *2. Like *Marcus*, this case appears to be, at its core, a child custody dispute and properly falls within the jurisdiction of the state courts.

### III. Liability of the Named Defendants

The only Defendants named in this case are Kate Brown, the Governor of Oregon, and Fariborz Pakseresht, the Director of DHS. The Complaint does not, however, allege that either Brown or Pakseresht had any direct involvement in Johnson's case, or that they personally took any of the actions described in the Complaint.[3] Johnson may not base his claims on a *respondeat superior* theory of liability: "Neither state officials nor municipalities are vicariously liable for the deprivation of constitutional rights by employees." *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014).

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). However, "[a] supervisor is only liable for

---

[3] The Complaint does allege that Johnson told "someone from the Governor's Office" about his desire to return to New England and submit to a "psycho-sexual" there, but that he received no response. It is left entirely unclear why Johnson believed the Governor was obligated (or even permitted) to intervene personally in his case, nor does Johnson explain how the failure to respond to such a communication infringes his rights.

constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Complaint fails to allege any facts supporting the personal involvement, direction, or knowledge of Brown or Pakseresht in Johnson's case.

## IV. Leave to Amend

In the light of the deficiencies described above, the Court concludes that Johnson has failed to state a claim. The Court is mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and Johnson will therefore be given leave to file an amended complaint. In drafting the amended complaint, Johnson must bear in mind that the Court does not know anything about the facts of his case, other than what he chooses to include in the amended complaint. Johnson should carefully explain what has happened, who has done what, how he believes he was injured by the actions of the defendants, and why he believes that the defendants should be held liable for the injury. Johnson should also bear in mind that matters of child custody are a traditional and important area of state concern and that the ability of federal courts to interfere in such matters is limited. It is possible that the relief Johnson seems to be seeking is much more readily available in the Oregon state courts.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 2, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this  15  day of May, 2018.

_____
ANN AIKEN
United States District Judge